**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIE LAWSON | * | Civil No. AW-08-189 |
| #45609-083 | | Criminal No. AW-02-215 |
| | * | |
| Petitioner | | |
| | * | |
| v. | | |
| | * | |
| UNITED STATES OF AMERICA | | |
| | * | |
| Respondent | | |

**MEMORANDUM**

Before the Court is Willie Lawson's Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. §2255. Counsel for the respondent has filed an answer seeking dismissal of the Motion as time-barred. Lawson has filed a reply. Upon review of the motion, pleadings, and applicable law, the Court determines a hearing is unnecessary, and the Petition will be denied and dismissed.

**PROCEDURAL BACKGROUND**

Lawson was convicted of armed bank robbery, conspiracy, and use or carrying of a firearm during or in relation to a crime of violence. Judgment was entered on July 18, 2003. The Fourth Circuit affirmed the conviction on November 15, 2005, and the mandate issued on November 9, 2005. *See United States v. Lawson,* 153 Fed. Appx. 209 (4th Cir. 2005).

Lawson did not file a petition for writ of certiorari in the Supreme Court. On January 18, 2007, Lawson filed a letter in this district court which was construed as a motion for extension of time to file a motion to vacate. On April 5, 2007, this Court denied the extension as there was no §2255 motion pending. On January 9, 2008, Lawson submitted a second motion to extend time, and it was accompanied by a § 2255 motion. The Court denied the Motion to extend time and ordered the §2255 motion docketed.

# STATUTE OF LIMITATIONS

Petitions filed pursuant to 28 U.S.C. §2255 must be filed within one year of when the judgment of conviction became final.[1]  *See* 28 U.S.C. § 2255(1). For the purposes of the one-year limitations period, a conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Lawson's conviction became final for the purpose of running the one-year limitation period when the time expired for filing a petition for certiorari contesting the appellate court's affirmation of his conviction. *See Clay v. United States*, 537 U.S. 522, 531-532 (2003). Consequently, the judgment became final, and the one-year limitations period commenced running ninety days later on February 9, 2006, after the time to file an application for writ of certiorari in the Supreme Court expired. S*ee* Sup. Ct. R. 13(l). The limitations period expired one year later on February 9, 2007.

Consonant with *United States v. Sosa,* 364 F.3d 50, 512 (4th Cir.2004) and *Hill v. Braxton,* 277 F.3d 701, 707 (4th Cir. 2002), this Court granted Lawson thirty days to demonstrate why the

---

[1]Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petition was timely or why equitable tolling warranted. *See also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (holding §2255's limitation period is subject to equitable modifications such as tolling). Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003). Equitable toll requires a petitioner to show: "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse,* 339 F.3d at 246 (4th Cir. 2003). A petitioner must establish that either some wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2006). A petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

## DISCUSSION

Under the facts presented here, the limitations period expired on February 9, 2007, long before the instant §2255 Petition was filed on January 9, 2008. In support of equitable tolling, Lawson indicates that while he received transcript and discovery materials from trial counsel on December 6, 2006, his prison had been in "lock-down" status and he did not have access to the law library during the preceeding two weeks. He has also claim that he was unable to travel with his

3

legal materials during the time he was returned to the District of Columbia for adjudication of other charges. Papers 221, 231.[2] Lawson's allegations of insufficient legal resources during lock-down do not warrant equitable tolling. Lock downs and periods during which a prisoner is separated from his legal papers, without more, do not amount to extraordinary circumstances. *See Dodd v. United States*, 365 F. 3d 1273, 1283 (11th Cir. 2004). Notably, Lawson does not explain why a two-week lock down or temporary transport to the District of Columbia resulted in almost a one-year filing delay. To the extent Lawson's untimely filing might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See Sosa*, 364 F.3d at 512.

## CONCLUSION

Upon review of the motions, pleadings, and applicable law, the Court determines that Lawson has failed to satisfy his burden to demonstrate that equitable tolling is warranted. Accordingly, the Petition is time-barred, and will be dismissed by separate Order.

August 22, 2008 _____ /s/_____
Date                              Alexander Williams, Jr.
                                  United States District Judge

---

[2] In his reply sent subsequent to the Court's *Braxton* notice, Lawson challenged his conviction by asserting that his conviction for using a firearm during a crime of violence under 18 U.S.C § 924(c) was improper. He claims that §924(c) is not a criminal statute. Specifically, he avers that 18 U.S.C. §924(c) is a sentencing provision and is not chargeable as a separate offense. His assertion is entirely without legal basis. *See United States v. Crew*, 538 F. 2d 575. 577 (4th Cir. 1976) (holding that § 924(c) provides a chargeable offense separate from the underlying crime of violence); *see also Harris v. United States*, 536 U.S. 545 (2002); *United States v. Jackson,* 327 F.3d 273 (4th Cir. 2003).

4