IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIE LAWSON, :

   Petitioner :

      v. : Civil Action No. AW-13-cv-2047
           Criminal Action No. AW-02-cr-215

UNITED STATES OF AMERICA :

   Respondent

*********

**MEMORANDUM OPINION**

Willie Lawson ("Lawson") has filed a Motion for Relief Pursuant to Fed. R. Civ. Pro. 60(b)(6). ECF No. 260. The government has filed a response indicating that the Rule 60(b) Motion is improper and that the Motion, properly construed as Motion To Vacate filed pursuant to 28 U.S.C. § 2255, is successive. ECF No. 266. Lawson has filed a Reply. ECF No. 29. After review of the pleadings and applicable law, the Court will deny the Motion.

PROCEDURAL HISTORY

Following a jury trial Lawson was convicted of one count of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; two counts of armed bank robbery in violation of 18 U.S.C. §§2113(a) and (d); and two counts of using or carrying a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On July 18, 2003, he was sentenced to a total term of 684 months of incarceration, which included two consecutive 300-month sentences as a result of Lawson's two § 924(c) convictions. ECF No. 123.

Lawson's sentence was based, in part, upon the jury's finding that Lawson brandished a firearm, an offence which carries a mandatory minimum sentence of seven years. *See* 18 U.S.C. § 924(c)(1)(a)(ii). The Court concluded, however, that due to Lawson criminal history,

specifically his prior conviction in the Eastern District of Virginia for violation of §924(c), that he was subject to a term of imprisonment of not less than 25 years for each of the § 924(c) convictions. *See* 18 U.S.C. § 924(c)(1)(C)(i) ("in the case of a second or subsequent conviction under this provision...[defendant shall] be sentenced to a term of imprisonment of not less than 25 years." )

Lawson noted a timely appeal. His convictions and sentences were affirmed by the Fourth Circuit Court of Appeals. See Untied States v. Lawson, 153 Fed. Appx. 209 (4th Cir. 2005). Lawson did not file a petition for writ of certiorari in the Supreme Court. On January 9, 2009, Lawson file a Motion to Vacate pursuant to 28 U.S.C. §2255 which was dismissed as time barred. ECF Nos. 233, 238 & 239. Lawson filed the instant Motion entitled "Motion for Relief Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure" on July 15, 2013. ECF No. 260.

DISCUSSION

Although Lawson may have chosen to characterize the instant Motion as brought pursuant to Fed R. Civ P. 60(b), this Motion is, in essence, an attempt to collaterally attack his criminal sentence, and it will be construed for this reason as a 28 U.S.C. §2255 Motion to Vacate Sentence. Regardless of the label used in the Motion, it is the subject matter, not its title, which determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *Buchanan v. Gilmore*, 139 F.3d 982, 983-84 (4th Cir. 1998).

In *United States v. Weinstock*, 340 F.3d 200, 206-07. (4th Cir 2003), the United States Court of Appeals for the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. §2255 motion to vacate, set aside or correct sentence. The Fourth Circuit explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review

process will generally be deemed a proper motion to reconsider." *Id.* at 207. Where, as here, a prisoner attacks his sentence, not the underlying collateral review process, the motion is properly construed as a § 2255 motion to vacate sentence. As such, this Motion represents Lawson's second or successive Motion for collateral relief under 28 U.S.C. §2255. A second or successive § 2255 petition may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997)(en banc). Such authorization is granted only if the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

To the extent Lawson contends that his claim relies on a new rule of constitutional law, announced in *Alleyne v. United States*, 233 S.Ct. 2151 (June 17, 2013), his claim is unavailing. In *Alleyne*, the Court held that any fact that increases the mandatory minimum is an element of the crime that must be found by a jury. *Alleyne,* 133 S.Ct. at 2155. The federal appellate courts that have addressed this question have ruled that *Alleyne* establishes a new rule of law, but that law was not made retroactively applicable by the Supreme Court to cases on collateral review. *See United States v. Stewart,* 2013 WL 5694799 (4th Cir. September 17, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. July 10, 2013); *In re Payne,* _ F.3d_, 2013 WL5200425 *2 (10th Cir. September 17, 2013); *United States v. Redd*, 2013 WL 5911428 (2d Cir. November 5, 2013). Since *Alleyne* has not been found retroactive to proceedings on collateral review, it cannot serve to restart the limitations period. *See* 28 U.S.C. § 2255(f)(3).

This petition represents Lawson's second § 2255 challenge to his conviction and sentence. It may not be considered absent prefiling authorization from the United States Court of Appeals for the Fourth Circuit. Such authorization does not appear to have been granted. Accordingly, the motion must be dismissed without prejudice for lack of jurisdiction.

When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Based on the foregoing analysis, a certificate of appealability shall not issue.

A separate Order follows.

Date: December 5, 2013

/s/
Alexander Williams, Jr.
United States District Judge