UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

WILLIE LAWSON,

Defendant.

Criminal Action No. TDC-02-0215

**MEMORANDUM ORDER**

Defendant Willie Lawson has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On April 18, 2003, a federal jury found Lawson guilty of one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count 1); two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) & (f) (Counts 2 and 4); and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 3 and 5). On July 18, 2003, the Court (Williams, J.) sentenced Lawson to concurrent sentences of 60 months of imprisonment on the conspiracy count and 84 months of imprisonment on the bank robbery counts, as well as two mandatory minimum, consecutive sentences of 25 years (300 months) on the § 924(c) counts, for a total sentence of 57 years (684 months) of imprisonment. For the reasons set forth below, the Motion will be GRANTED.

**DISCUSSION**

Lawson seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that there are "extraordinary and compelling reasons" for a reduction under that provision based on: (1) the changes in the law that render his 57-year sentence substantially higher than a sentence that would be imposed today; and (2) the COVID-19 pandemic.

## I. Legal Standard

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentence reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Lawson has satisfied the requirement of exhaustion of administrative remedies. Although the Government has previously argued that sentence reductions under this provision are limited by the existing policy statement in the United

2

States Sentencing Guidelines ("the Guidelines"), U.S.S.G. § 1B.13, the United States Court of Appeals for the Fourth Circuit has held that because that policy statement pre-dates the FSA and thus cannot be deemed to apply to the new regime under which district courts may grant compassionate release absent a request from the BOP, "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

## II.  Extraordinary and Compelling Reasons

### A.  Stacked § 924(c) Sentences

Lawson argues that there are extraordinary and compelling reasons for a sentence reduction because of the "enormous disparity" between his 57-year sentence and the sentence Lawson would likely receive today for the same conduct, particularly in light of the FSA's provision that no longer allows the type of stacking of 25-year mandatory consecutive sentences for multiple § 924(c) counts that occurred in his case. Supp. Mot. at 16, ECF No. 370. Prior to the FSA, and at the time of the prosecution and sentencing of Lawson, the Government could and would charge defendants with multiple § 924(c) counts for possessing, using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence or drug trafficking offense, based on different incidents within the same criminal episode, and after the first § 924(c) count, which would require a mandatory consecutive sentence of five, seven, or ten years depending on how the firearm was used, any "second or subsequent conviction" under § 924(c) would be subject to a mandatory 25-year consecutive sentence. 18 U.S.C. § 924(c)(1)(C) (2012). Section 403 of the FSA ("FSA § 403") limited the applicability of such 25-year sentences to violations "that occur[red] after a prior conviction under this subsection ha[d] become final," FSA § 403, such that they would not apply to multiple § 924(c) charges in the same prosecution of a first-time § 924(c) offender. FSA §

3

403(a). In *McCoy*, the Fourth Circuit upheld the granting of a sentence reduction based on the "extraordinary and compelling reason" that the defendant's sentence "would be dramatically shorter today" in light of "the First Step Act's elimination of sentence-stacking" under 18 U.S.C. § 924(c). *McCoy*, 981 F.3d at 275, 284-85. More broadly, the court held that district courts may consider as "extraordinary and compelling reasons" that there is a "gross disparity between" the defendant's sentence and "sentences Congress now believes to be an appropriate penalty for the defendant['s] conduct," and that the defendant's sentence is of a magnitude that "Congress itself views as dramatically longer than necessary or fair" under existing law. *Id.* at 285-86. Where Lawson has requested a sentence reduction on the very same basis addressed in *McCoy*, the Court has the authority to grant it.

Here, a sentence reduction is warranted. At sentencing, Lawson received a 60-month sentence on Count 1, the statutory maximum; concurrent 84-month sentences on Counts 2 and 4, which was the low-end of the calculated Guidelines range of 84-105 months; and 25-year mandatory consecutive sentences on each of Counts 3 and 5, the two § 924(c) counts, which were both considered to be "second or subsequent convictions" because Lawson had already sustained a § 924(c) conviction in the United States District Court for the Eastern District of Virginia for a robbery in Virginia, even though his direct appeal on that conviction remained pending. Based on a filing by Lawson in 2016, the Court found that Lawson's criminal history category had been miscalculated such that the correct Guidelines range on Counts 2 and 4 was 70-87 months, but in 2020 it found that there was no legal means to reduce the sentence on that basis. *See* Mem. Order, ECF No. 358.

Under present law, which applies a 25-year mandatory consecutive sentence only to § 924(c) convictions subsequent to a prior § 924(c) conviction that was "final," the two stacked §

924(c) charges against Lawson would have resulted in only 5-year sentences on each count. *See* FSA § 403(a); 18 U.S.C. § 924(c)(1)(C). Further, under present practice in this District, the Government may not have even charged two different § 924(c) charges in the same prosecution and instead likely would have charged only a single § 924(c) count. Thus, the Guidelines range at most would have been 70 to 87 months on Counts 2 and 4, as corrected, and 60 months on the two consecutive § 924(c) counts, for a total Guidelines range of 190-207 months. The resulting total sentence would in any event create a gross disparity between Lawson's 57-year sentence and the sentence he would receive under present circumstances. This disparity is greater than the difference at issue in *McCoy*, in which the court found "extraordinary and compelling reasons" for a sentence reduction where a defendant charged with a series of 12 robberies had pleaded guilty to two counts of Hobbs Act robbery under 18 U.S.C. § 1951(a) and two § 924(c) counts, resulting in a mandatory consecutive sentence of 32 years and a total sentence of more than 35 years. *See McCoy*, 981 F.3d at 277, 288.

The Court concludes that Lawson has presented "extraordinary and compelling reasons" arising from the gross disparity between his 57-year sentence based on the stacked § 924(c) counts and the sentence he would receive if sentenced today that warrant a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

### B. COVID-19

Lawson also argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" that warrant a reduction in his sentence to time served. This Court has previously found that the fact that an inmate is at high risk for death or severe illness from COVID-19 based on age, medical conditions, or other factors, particularly when coupled with the fact that the inmate is incarcerated within a prison in which there is imminent risk of exposure to COVID-19, could

5

establish "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that could justify a reduced sentence or release.

Here, Lawson, who is 45 years old, has asserted that he has hypertension, a prior history of asthma, and a body mass index that classifies him as overweight, all of which are conditions that might place him at increased risk for severe illness from COVID-19. However, although the United States Penitentiary Coleman II in Sumterville, Florida ("USP-Coleman II"), at which Lawson is incarcerated, previously had a substantial number of cases of COVID-19, it presently has only five active cases of COVID-19 among correctional staff and none among inmates. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited May 19, 2021). At this point, 2,465 inmates and 516 correctional staff at USP-Coleman II and other BOP facilities within the Coleman Federal Correctional Complex have been vaccinated. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last visited May 19, 2021). In light of the availability of the vaccine at USP-Coleman II and the present lack of cases among inmates there, the Court does not find that there are extraordinary and compelling reasons for a sentence reduction based on the COVID-19 pandemic.

## III. Sentence Reduction

Lawson has requested a sentence reduction to time served. At this point, Lawson has been continuously imprisoned for approximately 19 years and 1 month on the related bank robberies and appears to have received credit for serving approximately 17 years and 10 months, or 214 months of imprisonment, on the Maryland offenses of conviction. The Government, after initially arguing against the Motion, now states that it "defers to the Court on [Lawson's] motion for a sentence reduction." Gov't Supp. Resp. at 3, ECF No. 386.

As discussed above, even assuming that Lawson would still be charged with two § 924(c) counts, under present law, the overall Guidelines range would be 190 to 207 months. Assuming Lawson receives full good-time credits, he has already served approximately the equivalent of a 252-month sentence, or a 21-year sentence.

In considering whether a reduction is warranted, the Court also considers the sentencing factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were very serious. Lawson engaged in a series of three bank robberies or thefts in Maryland, and on at least one occasion he pointed a gun at a victim. He also participated in two other bank robberies in the same time frame, one in Virginia and one in Washington, D.C., for which he was separately charged and sentenced. Even under present circumstances, a severe sentence is necessary to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, provide deterrence to Lawson and others, and protect the public from further crimes.

The Court also considers the history and circumstances of the defendant. Lawson had a difficult upbringing, as he was raised by a mother who had to work several jobs and had little time to spend with Lawson, and their family suffered a fire that destroyed their home. Nevertheless, he was able to start college focusing on music education, but then sustained three convictions, one for cocaine possession, one for domestic assault, and one for firearm possession. Though he had a criminal record at the time of the robbery offenses, it did not necessarily warrant the type of sentence he received.

During his imprisonment, Lawson had several infractions in his early years, including possessing a weapon which he asserts was necessary to protect himself in a dangerous prison, but he has not been cited for any violent acts and he has had no disciplinary infractions for over five

7

years. He has submitted letters of reference from correctional staff attesting to his good behavior and positive influence in the prison. He has expressed significant remorse for his crime and has stated that the robbery spree was a misguided attempt to prove his ability to provide for his family. He also has strong support from his family, which has pledged to assist him if he is released.

Considering all of the relevant factors, the Court concludes that a sentence of time served, which when good conduct credits are considered is effectively the equivalent of a 21-year sentence, is warranted. Such a sentence is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide adequate deterrence, particularly when one considers that Lawson has been separately punished for the two out-of-state robberies and still has a seven-year consecutive sentence to serve on the Washington, D.C. robbery. A sentence of time served is effectively higher than the sentences imposed on his co-defendants in the robbery cases and is comparable to, or higher than, the kinds of sentences presently imposed in this District for comparable robbery offenses. It is thus both sufficient but not greater than necessary to meet the purposes of sentencing and appropriately addresses the gross disparity warranting a sentence reduction in the first place. The Court will therefore grant the Motion.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Lawson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 362, 370, is GRANTED.

2. Lawson's sentence is reduced to time served on all counts, to be set forth in a separate Amended Judgment.

Date:  May 21, 2021



THEODORE D. CHUANG
United States District Judge